**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TOMMY DEAN BULLCOMING,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. CR-18-86-G**<br>**Case No. CIV-23-357-G** |

**<u>ORDER</u>**

Now before the Court is Defendant Tommy Dean Bullcoming's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 270). The Government has filed a Response (Doc. No. 280). After careful consideration of the parties' arguments, the relevant authorities, and the case record, the Court determines that no evidentiary hearing is necessary and that the Motion should be denied on the existing record.[1]

*I. Background*

On April 3, 2018, a federal grand jury charged Defendant with first-degree premeditated murder, first-degree felony murder, carjacking, kidnapping, and arson. *See* Indictment (Doc. No. 1). Defendant pled not guilty, and a trial was conducted in November 2019. The Court declared a mistrial as to the first-degree premeditated murder charge. *See*

[1] No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

Trial Tr. 1271:9-18 (Doc. Nos. 254, 254-1, -2, -3, -4, -5, -6); Doc. No. 195. Defendant was found guilty by the jury on the remaining four counts. *See* Jury Verdict (Doc. No. 193).

On August 10, 2020, the Court entered Judgment (Doc. No. 240) and sentenced Defendant to two terms of life imprisonment, as well as two terms of 25 years' imprisonment, all to be served concurrently. *See id.* at 1-2.

On direct appeal, the Tenth Circuit affirmed Defendant's convictions. *See United States v. Bullcoming*, 22 F.4th 883 (10th Cir. 2022). Defendant then filed a petition for writ of certiorari, which the Supreme Court denied. *See Bullcoming v. United States*, 142 S. Ct. 2805 (2022).

*II. 28 U.S.C. § 2255*

Under 28 U.S.C. § 2255, a prisoner in custody serving a federal sentence may move to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Section 2255 is available to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice." *Brown v. United States*, 34 F.3d 990, 991 (10th Cir. 1994); *see also United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

*III. Strickland v. Washington*

Defendant's Motion primarily seeks relief on the basis that his trial counsel and appellate counsel rendered constitutionally ineffective assistance. *See* Def.'s Mot. at 3-21.

To show that his counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the first prong of the *Strickland* test—that counsel's performance was deficient—Defendant must show that counsel's behavior was unreasonable under "prevailing professional norms." *Id.* at 688. The Supreme Court shuns specific guidelines for measuring deficient performance, as "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id*. at 688-89. Defendant must overcome the presumption that the "challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Even if Defendant shows deficient performance, he must also show prejudice by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. In making that determination, the court must "tak[e] the unaffected findings as a given" and decide whether the outcome "would reasonably likely have been different absent the errors." *Id*. at 696.

The Court "may address the performance and prejudice components in any order" and "need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

## *IV. Discussion*

Defendant presents eleven grounds for relief in his § 2255 Motion, which the Court considers in turn. *See* Def.'s Mot. at 4-21; Def.'s Br. (Doc. No. 270-1) at 3-17.

### *A. Cause and Time of Victim's Death*

Defendant first claims that trial counsel was ineffective for failing to seek to require the Government to prove the "actual cause and time" of the victim's death. Def.'s Mot. at 4. Defendant argues that he was thereby prejudiced because he was limited in "his ability to set up an alibi defense" and present argument regarding "the lack of evidence the Government had against [Defendant] such as DNA, Witnesses, Weapon, etc etc." Def.'s Br. at 4.

At trial, the Government presented evidence as to the cause of the victim's death—bleeding and loss of blood from nearly 70 stab wounds. *See* Trial Tr. 1004:1-7. There also was evidence presented as to the approximately 90-minute window during which the murder was believed to have occurred. *See id.* at 283:16-285:23, 404:12:17. Counsel for Defendant challenged the Government's timeline and argued that the Government had not shown that the timeline allowed a conclusion that Defendant—in light of his known locations that evening—was able to kidnap, transport, and murder the victim and then return and conceal evidence of the kidnapping (including through the arson of the victim's

trailer house). *See*, *e.g.*, *id.* at 1209:6-1211:3. Defendant therefore cannot show either deficient performance of trial counsel or prejudice in this regard.

*B. Chain of Custody*

Defendant next asserts that his trial counsel was ineffective due to "not objecting and challenging the chain of custody violation" as to the mishandling of evidence obtained from a duffel bag seized by an agent for the Bureau of Indian Affairs. Def.'s Br. at 4-5. As noted by the Government, Defendant's counsel "vigorously challenged" the admission of this evidence for this reason. Gov't's Resp. at 8 (citing Trial Tr. 579:22-25; Def.'s Mot. to Suppress (Doc. No. 97)). In addition, the Tenth Circuit affirmed the Court's denial of Defendant's motion to suppress the relevant evidence. *See Bullcoming*, 22 F.4th at 890-92. Defendant therefore cannot show either deficient performance or prejudice of trial counsel in this regard. *Cf. United States v. Clark*, 650 F. App'x 569, 571 (10th Cir. 2016) (rejecting the defendant's contention "that counsel was ineffective for failing to object to his criminal-history calculation" where the record showed that counsel did in fact object to the calculation).

*C. DNA and Blood Spatter Evidence*

Defendant argues in Ground Three that his defense counsel erred by "failing to file [a] motion to suppress DNA evidence" and for failing to retain a DNA and blood spatter expert. Def.'s Mot. at 6-7. Defendant's attorney did move to suppress all evidence collected from the victim's home and vehicle and from Defendant's duffel bag, however. *See* Def.'s Mots. to Suppress (Doc. Nos. 97, 98, 99). Also, defense counsel retained a forensic expert to assist in this case, although the expert ultimately did not testify at trial.

*See* Doc. Nos. 64, 76, 77, 95. "Generally, the decision whether to call a witness rests within the sound discretion of trial counsel." *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998). Defendant has not shown any deficient performance in this respect.

*D. Allegedly Perjured Testimony*

Defendant next argues that his counsel failed to object when the Government allowed a witness to present perjured testimony at trial. *See* Def.'s Mot. at 8-9; Def.'s Br. at 8. Defendant does not identify the relevant witness or describe the allegedly improper testimony. Such "[c]onclusory allegations" and "vague descriptions of the alleged deficient performance" do not suffice to establish the deficiency prong of *Strickland*. *United States v. Davis*, No. CR-16-119-R-7, 2018 WL 3077801, at *3 (W.D. Okla. June 21, 2018).

*E. The Gas Station Attendant*

Defendant claims that his trial counsel was ineffective for failing to call a gas station attendant, who allegedly had stated that Defendant "did not have blood on his hands at the time he entered the gas station," to testify at trial and "help refute [the Government's] claim that [Defendant] had blood on his hands hours after [the] murder occurred." Def.'s Br. at 9-10; Def.'s Mot. at 9-10. Defendant does not cite to anywhere in the record that such a statement was made, however, or offer specific support for his suggestion that the attendant would have so testified if called. The Court will not "fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Further, the Government represents that the attendant actually told investigators "that he did not

remember Mr. Bullcoming at all." Gov't's Resp. at 9. Defendant's general disagreement with his attorney's decisions does not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" and therefore fails to establish ineffective assistance as to Ground Five. *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

*F. The Sufficiency of the Evidence*

In Ground Six, Defendant objects that defense counsel failed to "challeng[e] the validity of the [I]ndictment" based on "insufficient evidence" and lack of probable cause. Def.'s Mot. at 10; *see* Def.'s Br. at 10-14. In support, however, Defendant cites not to the grand jury proceeding or other pretrial events but to the evidence presented at trial regarding the charged offenses. *See* Def.'s Br. at 10-14. To the extent Defendant's Motion, liberally construed, argues that Defendant's attorney failed to challenge the sufficiency of the evidence at trial, this argument is meritless. Defense counsel presented a motion for a judgment of acquittal based upon the evidence being "insufficient to sustain a conviction" both at the close of the Government's case in chief and at the conclusion of the presentation of evidence. Fed. R. Crim. P. 29(a); *see* Trial Tr. 1043:21-1054:3, 1155:18-1156:6. "[T]he court's rejection of this request does not show ineffective assistance on counsel's part." *United States v. Sauceda*, 473 F. App'x 861, 862 (10th Cir. 2012). Defendant thus fails to show deficient performance or prejudice under *Strickland*.

*G. The Butcher Knife*

At trial, the Government presented a photo of a butcher knife that was found in the victim's trailer. *See* Trial Tr. 578:15-579:25. In Grounds Seven and Eleven, Defendant

argues that his counsel was ineffective for not objecting to the admission of the photo and that the Court erred in "not admonish[ing] the Government" for displaying the photo. Def.'s Mot. at 12-12, 20-21; *see also* Def.'s Br. at 14, 16.

As to Defendant's first argument, defense counsel did object when the Government moved to admit the photo. *See* Trial Tr. 579:22-25. The Court's overruling of the objection does not establish ineffective assistance by counsel. *See Sauceda*, 473 F. App'x at 862.

Defendant's argument that the Court should have admonished the Government for displaying the duly admitted photo to the jury is likewise meritless. Defendants contends: "[T]he court[] continued to allow it[s] showing knowing it was prejudicial to [Defendant] resulting in [Defendant] not receiving a fair trial which is a miscarriage of justice." Def.'s Br. at 16. At trial, after being admitted into evidence the photo was displayed to the jury or discussed during brief portions of the testimony of two Government witnesses. *See* Trial Tr. 580:1-13, 911:7-22. Defendant does not plausibly establish that the fact or length of the display of the photo created an undue prejudice or otherwise caused a "fundamental error[]" resulting "in a complete miscarriage of justice," as required for relief to issue under § 2255. *Brown*, 34 F.3d at 991.

*H. Lesser-Included Offense Instruction*

Defendant claims that his trial counsel was ineffective for failing to request a jury instruction on a lesser-included offense. *See* Def.'s Br. at 14 ("[T]he lesser included offense should have been requested because there is no physical proof or witness to any of the crimes that [Defendant] was charged with."). Defendant does not state which of the four criminal counts merited such an instruction or what lesser-included offense should

have been identified. Defendant's vague allegations fail to establish deficient performance under *Strickland*. *See Davis*, 2018 WL 3077801, at *3; *see also Strickland*, 466 U.S. at 688-90 ("There are countless ways to provide effective assistance in any given case.").

*I. Prosecutorial Misconduct*

In Ground Nine, Defendant argues that the Government engaged in prosecutorial misconduct during the grand jury proceedings "because the case was purely circumstantial" and the prosecutor failed to inform the grand jury "that there [were] two other individuals who made statements to law enforcement officers that they [were] the last individuals to see the victim alive." Def.'s Br. at 14-16.

The Government argues, and the Court agrees, that this argument is procedurally barred because it was not raised on direct appeal. *See* Gov't's Resp. at 10. Section 2255 "is not available to test the legality of matters which should have been raised on appeal" unless the movant "can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotation marks omitted). "[I]f the government raises [this] procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *Id.*

Defendant makes no attempt to show cause and prejudice as to this claim or to show that application of procedural bar will result in a miscarriage of justice. Further, Defendant cites no specific instances of alleged misconduct; he merely repeats his criticism of the

Government's decision to prosecute him. *See* Def.'s Br. at 15. The Court therefore rejects this claim as procedurally barred.

*J. Ineffective Assistance of Appellate Counsel*

Defendant alleges that his appellate counsel performed ineffectively by refusing to raise on direct appeal Defendant's claims of ineffective assistance of trial counsel, as well as other unidentified claims he now brings in his § 2255 motion. *See id.* at 16. The Tenth Circuit has explained, however, that ineffective-assistance claims "should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1195); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003). With respect to other claims, Defendant fails to show deficient performance under *Strickland* based upon his counsel's alleged refusal to pursue them on direct appeal. "[T]he Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal." *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (explaining that the process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy" (internal quotation marks omitted)).

*V. Defendant's Additional Motions*

Concurrently with the § 2255 Motion, Defendant filed a Motion (Doc. No. 271) requesting that he be provided a copy of the transcripts of the grand jury proceedings. The Government has responded that the transcripts were "previously delivered . . . to defense

counsel as part of routine discovery." Gov't's Resp. at 12. Defendant's request therefore is moot.

Defendant also filed a Motion (Doc. No. 283) that, liberally construed, asks the Court to appoint counsel to assist him in challenging his conviction. "There is no constitutional right to counsel in § 2255 proceedings." *United States v. Ellick*, 3 F. App'x 870, 871 (10th Cir. 2001). "Where . . . counsel is not required by the Constitution, the decision to appoint counsel is a matter of judicial discretion." *United States v. Gonzalez-Meza*, No. CR-15-186-D, 2024 WL 5056642, at *5 (W.D. Okla. Dec. 10, 2024).

> In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Id.* (internal quotation marks omitted).

Defendant's § 2255 submissions reflect that he is "capable of self-representation," and the legal issues raised are straightforward. *Id.* This request shall be denied.

## CONCLUSION

It is therefore ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 270) is DENIED. Defendant's other Motions (Doc. Nos. 271, 283) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a defendant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge